IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFF DIEHL,                           )
                                      )
                Plaintiff(s),         )
                                      )
vs.                                   )        Case No.   11-cv-0600-MJR
                                      )
URS ENERGY & CONSTRUCTION, INC.,      )
and RONNIE WALLS,                     )
                                      )
                Defendant(s).         )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Before the Court is Defendant Ronnie Walls' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and supporting memorandum (Docs. 10, 11). Plaintiff Jeff Diehl has filed a response (Doc. 15), to which Defendant Wall has filed a reply (Doc. 24).

1.  Introduction

On June 3, 2011, Plaintiff Jeff Diehl filed suit against Defendants URS Energy & Construction, Inc., and Ronnie Walls in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.   Defendants subsequently removed the action to this federal court pursuant to 28 U.S.C. §§ 1331 and 1441, based on federal question jurisdiction.

According to the Complaint (Doc. 2-1), Plaintiff Diehl, an active member of the Illinois Army National Guard, worked for URS, and Defendant Walls was his supervisor. Plaintiff Diehl was allegedly discharged from his job after returning from his annual two-week National Guard training session.   Diehl alerted Defendants that his firing was illegal, and he

1

brought the matter to the attention of authorities, including the Department of Labor.   Diehl was then brought back to work for a short period of time, only to be terminated several days later.   The five-count Complaint asserts claims under the Uniformed Services Employment and Re-employment Rights Act of 1994, 38 U.S.C. § 4301, et seq., Veterans Re-employment Rights Act, 38 U.S.C. § 4301, et seq., the Family Military Leave Act, 820 ILCS 151/1, et seq., the Illinois Service Member's Employment Tenure Act, 330 ILCS 60/3, et seq., as well as a common law claim of tortious interference with the business expectancy of continued employment.

For purposes of Defendant Walls' motion, only Count V of the Complaint is relevant; it is the only claim against Walls.   In pertinent part, Count V alleges:

14.   Ronnie Walls terminated Diehl.

15.   Diehl had a reasonable expectation of continued employment with URS.

16.   Ronnie Walls knew of Diehl's expectation of continued employment with URS.

17.   Walls terminated Diehl and therefore interfered with Diehl's economic relationship with URS for the purpose of defeating Diehl's expectations of continued employment with URS.

18.   Walls acted maliciously with personal animosity against Diehl and Walls acted for his own personal interest contrary to those of URS when he terminated Diehl.

19.   As a direct and proximate result of Walls's actions described herein, Diehl has suffered from a loss of past and future income and benefits, severe emotional distress and mental anxiety and other non-pecuniary losses, for all of which he should be compensated.

21.   Walls acted with malice or reckless indifference and Diehl is entitled to punitive damages.

Doc. 2-1, p. 10.

2

2.   Issues Presented

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Walls moves to dismiss Count V, asserting that Plaintiff has failed to state a viable, prima facie claim.   More specifically, Walls argues that Plaintiff failed to plead specific factual allegations that would support the conclusion that Walls acted solely for his own personal interests, unrelated to the interests of his employer, URS. Walls further argues that Plaintiff has not alleged that he, Walls, induced a third party to terminate Plaintiff, which Walls contends is indispensable to a claims for tortious interference with a business expectancy.   *See* Docs. 11 and 24.

Plaintiff Diehl counters that Count V comports with the notice pleading standard prescribed under Federal Rule of Civil Procedure 8(a).   Plaintiff further asserts that under Federal Rule of Civil Procedure 9(b) mental state may be pleaded generally.   *See* Doc. 15.

3.   Analysis

When ruling on a Rule 12(b)(6) motion, all well-pleaded allegations of the complaint are taken as true and are viewed in the light most favorable to the plaintiff.   *Santiago v. Walls,* 599 F.3d 749, 756 (7th Cir. 2010).   The federal notice pleading standard requires only that the complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   In other words, the plaintiff's complaint must be sufficient to provide the defendant with "fair notice" of the plaintiff's claim and its basis.   *Erickson v. Pardus,* 551 U.S. 89, 93 (2007), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The Supreme Court has construed the notice pleading standard as requiring that the complaint state a "plausible" claim for relief.   *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).   To survive a motion to dismiss, the complaint "must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face'.... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* quoting *Twombly,* 550 U.S. at 570.   The complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services,* 536 F.3d 663, 668 (7th Cir. 2008) (emphasis in the original), quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008).   But a plaintiff's claim need not be probable, only plausible: "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly,* 550 U.S. at 556 (internal quotation marks omitted). The complaint must include "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Id. See also* I*ndependent Trust Corp. v. Stewart Information Services Corp.,* 665 F.3d 930, 934 -935 (7th Cir. 2012).

Count V of Plaintiff Diehl's Complaint asserts a claim of tortious interference with a business expectancy, namely continued employment.   In *Fellhauer v. City of Geneva*, 568 N.E.2d 870 (Ill. 1991), the Illinois Supreme Court recognized that at-will employees may have an expectation of continued employment—falling within a longstanding rubric of "prospective economic advantage."   *Id.* at 877-878.   According to *Fellhauer*, in order to state a prima facie case of tortious interference with a business expectation of continued employment, the plaintiff must prove:   (1) his reasonable expectation of entering into a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship;

4

and (4) damages to the plaintiff resulting from such interference.   *Id*. at 878; *see also Delloma v. Consolidation Coal Co.*, 996 F.2d 168, 170-171 (7th Cir. 1993) (reiterating the prima facie case prescribed by *Fellhauer*).

       Citing *Fellhauer* and *Otterbacher v. Northwestern University*, 838 F.Supp. 1256 (N.D. Ill. 1993), a federal district court case construing *Fellhauer,* Defendant Walls asserts that "this tort is appropriate only in the context of interference by a third party" (Doc. 11, pp. 3-4).   In response, Plaintiff Diehl contends that a claim against a co-worker will not be defeated if the co-worker acted with personal animosity and for his own personal interests, contrary to the interests of the employer (Doc. 15, p. 2 (with a vague, confusing citation to *Fellhauer*).

       A review of *Fellhauer* and *Otterbacher* (which is not a controlling precedent) does not reveal a clear dictate that a claim of tortious interference with a business expectation can *only* be brought against a third party.   In *Fellhauer*, the Illinois Supreme Court specifically found that the defendant in that case was not an outsider meddling in the affairs of other parties; rather, the plaintiff was discharged by an official with the authority to do so.   *Fullhaue*r, 568 N.E.2d at 879. The plaintiff's claim was dismissed because the allegations were not sufficiently specific.   *Id.* And, *Otterbacher* only stated that tortious interference claims *"usually* lie against third parties," and not against the employer or agent who terminates the employee.*"   Otterbacher,* 838 F.Supp. at 1260-1261 (emphasis added).   *Otterbacher* actually recognizes that liability may attach if a supervisor acts solely for his own personal interests, unrelated to or antagonistic of the interests of the employer.   *Id*. at 1261.

       Wall actually recognizes that an employer's agent *may* be liable under a tortious interference theory, *if* another party was the decision-maker, and the decision-maker relied on false

information given by the defendant, and the defendant acted solely for his own personal interest, totally unrelated or antagonistic to the interest of the employer.  *See* Doc. 11, p. 4.  *See also Citylink Group, Ltd. v. Hyatt Corp.*, 729 N.E.2d 869, 840-841 (Ill.App. 1st Dist. 2000) (corporate agents are normally privileged from tortious interference claims unless the defendant acted in his own interests, unrelated or antagonistic of the principal).  Therefore, the Complaint must be scrutinized more closely.

> Paragraph 17 of Count V offers the conclusory statement:

> Walls terminated Diehl and therefore interfered with Diehl's economic relationship with URS for the purpose of defeating Diehl's expectations of continued employment URS.

However, paragraph 18 further alleges:

> Walls acted maliciously with personal animosity against Diehl and Walls acted for his own personal interest contrary to those of URS when he terminated Diehl.

> Plaintiff Diehl cites Federal Rule of Civil Procedure 9(b), which "requires particularity when pleading 'fraud or mistake,' while allowing '[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.'" *Iqbal,* 556 US 662, 129 S.Ct. at 1954.  In reply, Defendant Walls argues that Plaintiff Diehl's Complaint does not state anything suggesting Walls misused his supervisory powers or induced another to wrongfully terminate Plaintiff (Doc. 24, p. 5).

> In *Iqbal*, the Supreme Court explained that the term "generally," as it is used in Rule 9(b), relative to pleading mental condition, "is to be compared to the particularity requirement applicable to fraud or mistake. Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the

less rigid—though still operative—strictures of Rule 8." *Iqbal,* 556 US 662, 129 S.Ct. at 1954.

Thus, the Court must return to the "facial plausibility" standard enunciated in *Twombly* and *Iqbal*.[1]

Although paragraph 18 of Count V establishes that Plaintiff Diehl is proceeding against Defendant Walls under the theory that Walls was acting in his own self-interest when he terminated Diehl's employment, like paragraph 17, paragraph 18 is merely a conclusory statement. Count V (and the Complaint as a whole), does not set forth any factual content from which the Court can reasonably draw the inference that Diehl was acting maliciously and in his own self-interest. The Court recognizes that the discovery process is usually used to gather evidence, but *Twombly* still requires the complaint to include "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Twombly,* 550 U.S. at 556. The Complaint offers *only* conclusory statements.

### 4.  Conclusion

For the reasons stated, Defendant Walls' Motion to Dismiss (Doc. 10) is **GRANTED;** Count V, the claim against Defendant Ronnie Walls for tortious interference with a business expectancy, is **DISMISSED, without prejudice.**

Counts I-IV against Defendant URS Energy & Construction, Inc., remain. This case is set for trial on September 7, 2012; therefore, time is of the essence because the Court's congested trial calendar does not permit extending a trial setting except in the compelling circumstances. If Plaintiff Diehl elects to attempt to re-plead Count V against Defendant Walls, he

---

[1] Judge Hamilton of the Seventh Circuit Court of Appeals has opined that *Iqbal* is "in serious tension" with other precedents regarding the Rule 8 pleading standard.  *McCaulley v. City of Chicago*, 2011 WL 4975644 *10 (7th Cir. Oct. 20, 2011).   Judge Hamilton has also stated that the Supreme Court's statement in *Iqbal* regarding Rule 9 "does not solve the problem of give practical guidance to district courts."   *Id.* at * 11.   Nevertheless, this Court is bound to follow *Iqbal*.

must file his motion to amend and submit his proposed amended complaint on or before **March 14, 2012**.  In the event Plaintiff does not meet this deadline for amendment, the dismissal of Count V will automatically ripen into dismissal *with* prejudice and Defendant Ronnie Walls will be terminated as a defendant (as Walls is only named in Count V).

**IT IS SO ORDERED.**

**DATED:   February 29, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**

8